IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HARRY J. WILLIBY,

    Plaintiff,

v.

CITY OF OAKLAND, et al.,

    Defendants.

No. C-06-07385 EDL

**ORDER DENYING PLAINTIFF'S MOTION TO RECUSE**

Plaintiff Harry Williby, who is proceeding pro se in this matter, filed a motion seeking this Court's recusal pursuant to 28 U.S.C. § 455 on the ground that this Court has a personal bias or prejudice against him. This matter has been fully briefed and is appropriate for decision without oral argument.

"In analyzing § 455(a) disqualification motions, we employ an objective test: whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Clemens v. U.S. Dist. Court for the Central Dist. of Cal., 428 F.3d 1175, 1178 (9th Cir. 2005) (citing Herrington v. County of Sonoma, 834 F.2d 1488, 1502 (9th Cir.1987) (quoting United States v. Nelson, 718 F.2d 315, 321 (9th Cir.1983)) (internal quotations omitted). "'Section 455(a) asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits.'" Clemens, 428 F.3d at 1178 (quoting In re Mason, 916 F.2d 384, 385 (7th Cir.1990)). The "reasonable person" in this context means a "'well-informed, thoughtful observer,'" as opposed to a "'hypersensitive or unduly suspicious person.'" Clemens, 428 F.3d at 1178 (quoting Mason, 916 F.2d at 386).

In general, actions taken by a judge as part of her official duties are insufficient to call the

1  judge's impartiality into question. See Clemens, 428 F.3d at 1178 ("In determining whether
2  disqualification is warranted under § 455(a), we also apply the general rule that questions about a
3  judge's impartiality must stem from 'extrajudicial' factors, ... that is, from sources other than the
4  judicial proceeding at hand.") (citation omitted). Under those circumstances, the standard for
5  recusal is high: "In the instance where the partiality develops during the course of the proceedings, it
6  can be the basis of recusal only when the judge displays a deep-seated and unequivocal antagonism
7  that would render fair judgment impossible." See F.J. Hanshaw Enters., Inc. v. Emerald River
8  Devel., Inc., 244 F.3d 1128, 1145 (9th Cir.2001).

9        Plaintiff argues that this Court exhibited bias against him at the July 31, 2007 hearing on his
10  motion to compel and motion for sanctions by: (1) not allowing him as much time to argue his
11  motions as counsel in other matters were allowed; (2) denying his motion to compel because he
12  would not communicate by telephone with defense counsel; (3) stating that the Court would not
13  consider the prior bad acts of the Oakland police department; and (4) granting deference to defense
14  counsel by calling her an officer of the court. Under the objective standard as stated in Clemens,
15  this conduct does not demonstrate that this Court should recuse itself.

16        Specifically, the Court heard argument from both parties on Plaintiff's motion to compel, and
17  there is no requirement that the Court give each case on its calendar the same amount of time for
18  oral argument. Recusal based on not giving the parties more time for oral argument is not
19  appropriate. See Liteky v. U.S., 510 U.S. 540, 556 (1994) ("A judge's ordinary efforts at courtroom
20  administration-even a stern and short-tempered judge's ordinary efforts at courtroom
21  administration-remain immune [from bias or prejudice challenges].").

22        In addition, the Court denied Plaintiff's motions in part because of his failure to meet and
23  confer with defense counsel before filing as required by Local Rule 37-1(a). Plaintiff reiterated at
24  the hearing that he believes that if communication with counsel does not occur in writing, the
25  communication did not occur. This is contrary to Local Rule 1(n), which requires that meet and
26  confer sessions must take place by telephone or in person; communication in writing is specifically
27  insufficient to satisfy the meet and confer requirement. Moreover, a judicial ruling such as the
28  denial of Plaintiff's motion alone is not a valid basis for recusal. See Liteky, 510 U.S. at 556 (". . .

2

[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. [citation omitted]. In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved.").

Further, at the hearing, the Court did not make any ruling regarding the consideration of prior bad acts of the Oakland police department. Even if it did, such a judicial ruling alone would be insufficient to support recusal. See Liteky, 510 U.S. at 556.

Finally, in ordering Plaintiff to reveal the name of the Doe Defendant that he had been withholding from defense counsel, the Court referred to defense counsel as an officer of the court to the extent that she had an obligation to be truthful and ethical. That well-known moniker does not reflect any particular deference to defense counsel.

Plaintiff has failed to establish that a reasonable person would question this Court's impartiality or to show that this Court harbors a "deep-seated and unequivocal antagonism that would render fair judgment impossible." See F.J. Hanshaw Enters., 244 F.3d at 1145. Accordingly, Plaintiff's motion to recuse is denied.

**IT IS SO ORDERED.**

Dated: October 3, 2007

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge