IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRY J. WILLIBY,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF OAKLAND, et al.,<br><br>    Defendants.<br>_____/ | No. C-06-07385 EDL<br><br>**ORDER RE: PLAINTIFF'S REQUEST FOR PREPARATION OF TRANSCRIPT AT GOVERNMENT EXPENSE** |

On July 30, 2008, Plaintiff filed a Request for Preparation of the Reporter's Transcript at Government Expense pursuant to Federal Rule of Appellate Procedure 10(b)(1)(ii), requesting that the United States pay the transcript preparation cost in this case of $61.00. That Rule, which sets forth the appellant's duty to order transcripts, does not govern Plaintiff's Request. Rule 10(b)(1)(ii) states that if the cost of the transcript preparation is to be paid by the United States under the Criminal Justice Act, the order for transcripts shall so state. The Criminal Justice Act pertains to criminal proceedings, and this is a civil matter.

Instead, in this civil case, fees for transcripts for persons permitted to proceed in forma pauperis shall be paid by the United States "if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." See 28 U.S.C. § 753(f). The Court construes Plaintiff's Request for Preparation of Reporter's Transcript as a request pursuant to 28 U.S.C. § 753(f).

The issue of whether a substantial question exists for purposes of Section 753(f) should be decided on purely objective grounds. See Washburn v. Fagan, 2007 WL 2043854, *2 (N.D. Cal. July 12, 2007) (citing Ortiz v. Greyhound Corp., 192 F. Supp. 903, 905 (D. Md. 1959)). "A substantial question exists where the issue before the court of appeals 'is reasonably debatable.' In

case of doubt as to the merits, the court should resolve the issue of providing a transcript at government expense in favor of the appellant." See id. (citing Ortiz, 192 F. Supp. at 906) (internal citations omitted).

Under this standard, the Court cannot find that Plaintiff's appeal is frivolous. Defendants' Motion for Summary Judgment was granted not because Plaintiff's claims were legally barred, but because in viewing the evidence in the light most favorable to Plaintiff (even though Plaintiff failed to substantively oppose Defendants' motion), no triable issues of fact were raised. Although the Court has doubts about the merits of Plaintiff's appeal, it must resolve those doubts in favor of providing a transcript at government expense. Accordingly, Plaintiff's Request for Preparation of Reporter's Transcript at Government Expense is granted in the amount of $61.00.

**IT IS SO ORDERED.**

Dated: August 12, 2008

ELIZABETH D. LAPORTE
United States Magistrate Judge

2